In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00066-CR
_____

JACQUES GERMAINE MCDANIEL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from 252nd District Court
Jefferson County, Texas
Trial Cause No. 16-25429

MEMORANDUM OPINION

In this appeal, Jacques Germaine McDaniel[1] seeks to reverse a judgment

convicting him of murder. After McDaniel filed his notice of appeal, the attorney

who was assigned to represent him in his appeal filed a brief representing that there

are no arguments that can be made to argue the judgment against McDaniel should

_____

[1]The record reflects that Jacques Germaine McDaniel is also known as
Jacques McDaniel and Jaques Germaine McDaniel.

1

be reversed on appeal.[2] After reviewing the record, we agree no arguable issues exist that would support requiring the trial court to appoint some other attorney to represent McDaniel in his appeal.[3]

The record in the appeal shows that, in July 2016, a grand jury indicted McDaniel for murdering Christopher Gibson, alleging the murder occurred in June 2016.[4] Three years later, McDaniel pleaded not guilty. The parties tried the case to a jury in February 2019. After hearing the evidence, the jury found McDaniel guilty of murder and assessed a 45-year sentence.[5]

McDaniel appealed. After that, the trial court appointed an attorney to represent him in the appeal. The court-appointed attorney filed a brief, which presents the attorney's professional evaluation of the record. McDaniel's attorney concludes in the brief that McDaniel's appeal is frivolous.[6] McDaniel's attorney also sent McDaniel a copy of the brief, and McDaniel, after receiving the brief, filed a *pro se* response. In the *pro se* response, McDaniel argues (1) his trial counsel was ineffective; (2) the evidence the jury considered in the trial is insufficient to support its verdict finding him guilty of murder; (3) the State engaged in a selective

---

[2]*See* Tex. Penal Code Ann. § 19.02(b)(1).
[3]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[4]*See* Tex. Penal Code Ann. § 19.02(b)(1).
[5]Murder is a first-degree felony punishable, generally, by confinement for five to 99 years or life. *Id.* §§ 12.32(a), 19.02(c).
[6]*See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

prosecution for improper reasons, reasons that McDaniel suggests are forbidden by the United States Constitution; (4) in closing argument, the prosecutor injected matters before the jury that were not admitted into evidence in his trial; and (5) the trial court abused its discretion when it admitted highly prejudicial evidence in his trial.

After reviewing the appellate record, the *Anders* brief filed by counsel, McDaniel's *pro se* response, and the State's response, we agree with the conclusion in the brief filed by McDaniel's attorney that McDaniel's appeal is frivolous. Accordingly, we need not require the trial court to appoint another attorney to re-brief McDaniel's appeal.[7] Given that no arguable issues exist supporting a merits-based brief being filed to support McDaniel's appeal, we affirm the judgment the trial court rendered on the jury's verdict following McDaniel's trial.[8]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on February 2, 2021
Opinion Delivered February 17, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

---

[7]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[8]McDaniel may challenge our opinion in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.